The next case is Hermes v. Swain, and we are ready to proceed. We'll hear from the appellant. Yes, good morning. This is Chris Hager on behalf of Appellant Matthew Swain. Can I be clearly heard by the panel? Yes, yes. You might speak up just a little bit, but we can hear you. Okay. Thank you. And on that, I wanted to thank the court respectfully for granting my motion to appear remotely this morning for oral argument, and for the honor of appearing for oral argument a second time on this case before almost the same panel that decided in August 2017 that Matthew Swain's New Jersey employment law discrimination claims were compelled to arbitration pursuant to the Hermes of Paris arbitration agreement. Mr. Swain never received an arbitration as it was wrongly dismissed with prejudice by an American Arbitration Association arbitrator on a statute of limitations defense that was not delegated to that arbitrator to decide. Equitable tolling also should have precluded dismissal. I respectfully submit to this panel. Mr. Hager, can I – I'm sorry, but right from the very start, you've kind of lost me. You say he didn't get an arbitration. Correct. He did get an arbitration, and the – just as if he was in a court, he would have gotten a court proceeding. And if it was in a court and the court dismissed on statute of limitations, you wouldn't be saying he never got to have his case heard by the court. He may not have – the case may not have gotten to the merits, but the court heard the case and decided the statute of limitations issue. Here, an arbitrator heard the case and decided the statute of limitations issue. So he did get an arbitration. He just doesn't like how it came out. Your Honor, I respectfully disagree with that wholly because the arbitrator is not a court, and the arbitrator's powers are confined by the contract. And we're talking about a contract policy. Yes, and didn't this contract on page A24 in step 3 regarding the arbitration say that the arbitrator shall apply the governing substantive law applicable to the party's claims and defenses otherwise available in court? And statute of limitations is a defense that is available in court. So it's now available in the arbitrator. This isn't like arbitrability, which probably also was delegated to the arbitrator under the rules of the AAA, but that's a different issue. This is a defense otherwise available in court, and the contract explicitly delegates that to the arbitrator, does it not? Your Honor, I disagree with that. What is delegated to the arbitrator are the disputes covered. That's exactly what the contract says. But Judge Lynch read to you specific language that's at least to deciding defenses. Why don't you think a statute of limitations defense is within that express language? Agreed, Your Honor. The reason why I think is set forth in my brief because it's the substantive law that Judge Lynch just read from the agreement that the arbitrator is to apply. The substantive law is different than a procedural issue. That would be a statute of limitations. Isn't the statute of limitations considered substance for eerie purposes, for example? You know what, Your Honor? It may be. I don't know the answer to that question. So why do you say this is a procedural thing? It's listed in the Federal Rules of Civil Procedure as an affirmative defense. It's not listed as how we do things around here. And it's governed by state law, even in a federal court. Well, because the New Jersey Law Against Discrimination is a substantive law that applies to Matthew Swain's claims. And there's no statute of limitations under ERIE under the New Jersey Law Against Discrimination. So my substantive law argument is not true. The other question, isn't it, which is whether the arbitrator got the limitations question wrong, not whether he has the power to adjudicate it. Am I missing something in your argument? No. Oh, okay. I don't think you are. So are you moving now to whether he got it wrong, which of course we have more deferential review of that question? The arbitrator, I don't know what arbitration statute of limitations she considered because it isn't clear in the single paragraph order that dismissed Matthew Swain's case what statute of limitations she was applying. So to answer your question, I'm not sure what she meant when she said statute of limitations barred his claim. So, you know, coming back to the thrust of my argument and respectfully with what Judge Lynch said in terms of the ERIE doctrine and substance possibly with the statute of limitations, I think that the substantive law is not ERIE but the New Jersey Law Against Discrimination. And I would respectfully submit to the court that that is the substantive law that the arbitrator was bound to apply, not an esoteric statute of limitations argument. What's esoteric about the statute of limitations? Courts and arbitrators decide statutes of limitations issues every day. Absolutely right, Your Honor. But if we look at what the arbitrator wrote, there's nothing about ERIE and the statute of limitations. No, it's not about whether the arbitrator relied on ERIE. You're saying that statutes of limitations are merely procedural. Now, I suppose one could make that argument in the abstract, except that in the most prominent legal context in which we try to distinguish what's substance and what's procedure, statutes of limitations count as substance. That's an analogy that I was drawing. And it's far from arcane. I taught that to first-year civil procedure students, and I learned it in first year in law school as part of my civil procedure course. That seems hardly an esoteric point. Okay. Well, maybe me using the word esoteric was sending the wrong message. My argument, Your Honor, is that the disputes covered, that's what this contract delegated to this arbitrator. Well, you're relying on the attachment of these seven enumerated claims, demands, and controversies and saying that the arbitrator is strictly limited to those claims, demands, and controversies. But there are things like any agreement between Swain and Hermes. So your argument is it goes beyond considering any agreement to consider a defense to the enforcement of the agreement. And that seems, you know, no defense by this theory could be considered in an arbitration as falling outside this list. I'm just having difficulty seeing how that argument could work. I listed the substantive defenses that are by statute under the Law Against Discrimination, Your Honor, and they were essentially invoked by Hermes in the AAA answer that it filed. The statute of limitations defense raised in that answer it filed was separate and apart from those substantive defenses. And I submit that the contract that Hermes wrote did not provide for a procedural defense, which, in addition, I've put into the record that this argument was one that should have been submitted to court while we were litigating this case, why equitable tolling applies to save Matthew's claim from being dismissed on a procedural grounds. So I do think there are substantive defenses that they did assert and that could have been considered by the arbitrator with a proper arbitration on the merits, not one that hung Matthew on a statute of limitations defense that was not in the delegation provision of the agreement. Okay. You've reserved some time for rebuttal. We'll hear from the appellate. Thank you very much. Okay. Good morning, Your Honors. May it please the Court, I am Lawrence Sandak of Croscow Rose for Kelly, Hermes of Paris. I'll be brief, and unless there are questions, I'll confine my argument to the reasons this Court should grant Hermes' motion for sanctions on this appeal. This appeal warrants an award of sanctions because, uniquely, it checks every box the Court would want to consider in evaluating whether sanctions are appropriate in favor of sanctions. First, Mr. Swain's submission in this Court makes arguments that are entirely baseless, and worse, many of them fall outside the scope of permitted review of an arbitration award under 9 U.S.C. Section 10A. Only the argument that the arbitrator exceeded her authority even arguably falls within the scope of permissible FAA review, but that argument is entirely baseless, not only because, as Your Honors have pointed out, the arbitration agreement expressly conferred on the arbitrator the power to resolve the party's claims and defenses otherwise available in court, but because Mr. Swain waived his right to object to the arbitrator's authority by failing to make that objection in arbitration. In fact, he consented to it. Second, this appeal is the culmination of a five-year campaign by Mr. Swain and his lawyers to avoid the arbitration to which he agreed and then to vacate the award against him. Well, when you say Mr. Swain, of course Mr. Swain is the litigant and is accountable at least to some degree for what his lawyer does. But Mr. Swain, as I understand it, works in a haberdashery selling men's clothing, right? Well, right now he works in a real estate practice in different states. Okay, but that was his job then. At the time, yes. He's a person of, I take it, some education, but he has an ordinary kind of job. He's definitely not a lawyer. He was a managing director at Hermes, but I understand the point, yes. So when you – and I understand that we say Mr. Swain argues this, Mr. Swain argues that. His lawyers make these arguments. Presumably his lawyers told him that these were legitimate arguments to make. So are you suggesting that an award of sanctions, if we think it appropriate, should be made against both Mr. Swain and his counsel? Or is this really a question of what we expect of members of the bar in terms of making frivolous arguments, for example? I think that the general rule is that the party is responsible for the actions of his counsel. I think what distinguishes this case – Yeah, if the party were Hermes, you know, I assume that your client – I'm not asking anything out of school, but my guess is that you talk to somebody who's a lawyer at your client. Yes. And it's one thing to say that a client like that should be responsible for whatever you do. They know as well as you do what's a good argument, what's a bad argument. I'm just wondering if it's appropriate to, you know, impose the level of sanction that would come to pass if we were talking about the attorney's fees here, for example, on somebody of no doubt limited means and limited ability to understand what, to a layperson, I suspect, would be kind of esoteric. Yes. And I agree in particular because there is a declaration which was submitted to this Court from Mr. Hager. And in that declaration, he takes responsibility for the decisions that were made. So I don't disagree. Okay. Thank you. Am I correct that the question of attorney's fees was not raised in the district court? It was not. All right. Should this matter be considered there first rather than here? I think that it would be appropriate for this Court to send it back to the district court to make a determination as to the amount of reasonable counsel fees. Yes. The reason that we didn't raise it there is we made an application for an injunction in that court. And with each passing proceeding, this being the ninth proceeding, we had to make a decision at each juncture as to whether this one is the tipping point. And our decision was that this one, that we are before the Court on now, is the tipping point. At this point, nine proceedings, two states, ten judges, two of you, twice, that is enough. And that warrants the sanctions. If there's nothing else, I'll be concluded. Thank you. We'll hear rebuttal. Thank you. I will confine this to the sanction issue, which I hope the Court is not considering. But I most definitely took responsibility. And consistent with what Judge Lynch said, there would be a wholly improper to impose on Matthew Swain. I'm the lawyer, and I take responsibility for my actions. By calling the tipping point, as Mr. Sandak just said, what was done before this Court, I respectfully submit, makes a remand on sanctions inappropriate because that concedes or at least takes the position that the tipping point didn't occur. No, that's not what he said. He said we should decide that a sanction is appropriate and that the sanction should be attorney's fees, but this Court doesn't usually make factual findings. And we get to pretend that we're too big to worry about the minutiae of whether his bills are sufficient or not. And so we should send that issue back to the district court, which I suppose could be done either by a straight remand or by designating the district judge as a special master to decide, and then we would impose the totality. None of that suggests that I necessarily agree that sanctions are appropriate, but it's got nothing to do with what goes back to the district court or not. That's not what he conceded. I respect that, Your Honor. I ask that sanctions not be considered. I ask that the arbitration order be vacated under FAA Section 10A4 and that this case be remanded back to the New Jersey Superior Court as requested on this appeal. If there are any other questions, I'd be happy to answer them, but I don't really have anything more to add. Thank you. Thank you. Thank you both. Thank you.